**STATE of Missouri, ex rel. Jeremiah W. NIXON, Attorney General, State of Missouri, Respondent,**

v.

**Christopher BOWERS, Appellant.**

**No. WD 68592.**

Missouri Court of Appeals,
Western District.

July 22, 2008.

Christopher Bowers, Cameron, MO, pro se.

dants as to whom the facts are proven are    jointly and severally liable for the damages.

Paul Harper, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

The State of Missouri filed a petition for incarceration reimbursement under the Missouri Incarceration Reimbursement Act (MIRA) against Mr. Christopher R. Bowers on December 23, 2005. The State alleged in the petition that Mr. Bowers was currently incarcerated in Missouri and the State was expending funds on his incarceration. Additionally, the State alleged that it had good cause to believe that it would recover not less than 10% of the estimated cost of care for the defendant, or 10% of the cost of care for two years, whichever was less, through the action. The State made reference to Exhibit D in which Mr. Bowers's assets were listed. Exhibit D is a printout of Mr. Bowers's inmate account statement showing all the deposits and withdrawals and their sources for thirteen months from December 1, 2004, to December 21, 2005. The State claimed that Mr. Bowers was incarcerated and had assets and that he was receiving assets, so he qualified for MIRA.

The Circuit Court of Cole County issued a show cause order and set a show cause hearing for two months later. The circuit court assigned a receiver to control Mr. Bowers's account. Before the show cause hearing, Mr. Bowers filed a motion for judgment on the pleadings and a response to the show cause order. The State filed a motion for summary judgment and a reply to Mr. Bowers's response. The State claimed that Mr. Bowers had received $1,209.10 [1] from sources other than wages and salary over the course of the thirteen months. Mr. Bowers responded that $509.10 of that amount consisted of gifts from family and friends and that the remaining $700 consisted of income from his position at the Handicap Center in the Jefferson City Correctional Center. The trial court granted the State summary judgment. Mr. Bowers filed a motion to set aside the judgment alleging that he had not received the judgment. In response, the trial court reissued the original judgment. On appeal from that judgment, this court reversed, stating that the trial court had to set aside the judgment and had no authority to reissue it.

On remand the trial court again granted summary judgment and entered judgment against Mr. Bowers, ordering the inmate treasurer to pay 90% of Mr. Bowers's inmate account that exceeds $2,500 and to pay 90% of all deposits of that account to the State to pay for his incarceration costs.

Mr. Bowers appeals. In his first point, he argues that the Attorney General did not meet the condition precedent for good cause. He argues in his second point that the judgment reached beyond the court's authority by ordering that 90% of his speculative future income be awarded to the State. In his third point, Mr. Bowers argues that the trial court erred by failing to direct the receiver to return exempt assets that were frozen. In Mr. Bowers's fourth point, he argues that summary

---

1. Both the State and Mr. Bowers use these numbers. Upon reviewing the income account statement, we find that the actual amount of money deposited into his account excluding those marked clearly as wages is $1,284.10. The difference is minimal and does not affect our analysis. The amount from family and friends is $529.10. The amount claimed to be from the Handicap Center is $700. This would leave $55 as a potential stream of income subject to MIRA. These amounts are from miscellaneous items for which we cannot determine the nature of the source, and on remand, the trial court may determine that the items are not a stream of income.

judgment was improper because genuine issues of material fact exist about the nature of the assets. Mr. Bowers's last point is that the circuit court's order failed to comply with section 217.841.1[2] because payments were made incorrectly to the Attorney General's office. Because Mr. Bowers raised an issue of material fact, summary judgment was inappropriate. We reverse and remand for further proceedings.

## Legal Analysis

Mr. Bowers's first and fourth points concern whether summary judgment was appropriate because the Attorney General did not have good cause to file the petition, and because an issue of material fact existed as to the nature of the assets the State had considered. We agree that summary judgment should not have been entered.

The Missouri Supreme Court in *Peterson* held that if the offender raises a factual issue then he is entitled to an evidentiary hearing on whether the Attorney General had good cause. *State ex rel Nixon v. Peterson*, 253 S.W.3d 77, 83–84 (Mo. banc 2008). Furthermore, summary judgment is not appropriate where the prisoner has raised a genuine factual issue as to the existence of sufficient assets. *Id.* at 84. Therefore, if Mr. Bowers has presented a genuine factual issue about whether there were sufficient assets, then he is entitled to an evidentiary hearing and summary judgment was not appropriate. We review summary judgment *de novo* because the propriety of the grant of summary judgment is purely an issue of law. *Id.*

■ In this case, Mr. Bowers raised a factual issue about the nature of the deposits in his account. He claims part of the amount the State includes in its stream of income analysis were wages. The remaining portion he described as gifts from family and friends. In *Peterson*, the Missouri Supreme Court held that deposits from several different individuals, depositing different amounts at irregular time intervals during the month, raised sufficient concerns about the nature of those assets, such that an evidentiary hearing was required to determine whether they constituted regular payments. *Id.* This was bolstered by affidavits from the individuals stating that they would cease such deposits. *Id.* Likewise, Mr. Bowers submitted an affidavit stating that $700 came from a prior institutional job, and that he had no other steady stream of income.[3] Mr. Bowers claims that the rest of the money listed by the State consisted of gifts from family and friends. If these payments were gifts, they may not qualify as regular payments under *Peterson* and, therefore, could not be included in a stream of income. *See id.* Based on the record of his institutional account and his affidavit, Mr. Bowers has raised a factual issue whether the Attorney General had good cause and is entitled to an evidentiary hearing. Neither summary judgment nor the denial of his request for an evidentiary hearing was appropriate. Mr. Bowers's first and fourth points are granted.

■ In his second point, Mr. Bowers argues that 90% of his speculative future income could not be awarded to Missouri for the costs of his incarceration because MIRA restricts recovery to assets the inmate has at the time of incarceration. Assets are defined as "property, tangible or

2. All statutory references are to RSMo 2000.

3. The $55 stream of income listed in the first footnote is insufficient to meet the minimum requirements within five years. So we will ignore it for these purposes. All these funds should be considered on remand by the trial court in the evidentiary hearing to determine whether good cause existed.

intangible, real or personal, belonging to *or due an offender.*" § 217.827(1)(a) (emphasis added). Thus, MIRA contemplates and authorizes the attachment of funds that have not been collected but are due to the offender. Thus, assets to be collected in the future are eligible for attachment. Mr. Bowers's second point is denied.

 In his third point, Mr. Bowers argues that the trial court erred when it failed to direct the receiver to comply with its judgment because it did not direct the receiver to return Mr. Bowers's exempt funds. To the extent exempt funds were improperly removed, the State agrees with Mr. Bowers and has requested that those funds be returned. The State argues that this does not make the judgment as a whole improper. We agree. The original judgment did exempt these funds and is not void merely because the receiver carried out his duties improperly. Mr. Bowers's third point is granted.

In his fifth and final point, Mr. Bowers argues that the judgment fails to comply with section 217.741.1 because it ordered the receiver to immediately pay to the State of Missouri, Inmate Incarceration Act Revolving Fund, 90% of the amount in his inmate account in excess of $2,500, but the checks that were written were endorsed so as to credit the funds to the Office of the Attorney General. His argument seems to be that the money is going to an unauthorized place. At worst this is an error made by the receiver and has nothing to do with the judgment of the trial court. If such an error has been made, it should be submitted to the trial court. No such allegation of error is evident from the record. We have no evidentiary basis on which to determine whether these funds may have been misallocated; as such, Mr. Bowers's fifth point is denied.

### Conclusion

We reverse and remand for an evidentiary hearing to determine whether the condition precedent of good cause was met, and for the trial court to order that any exempt funds be returned to Mr. Bowers.

JAMES M. SMART, JR., P.J., and RONALD R. HOLLIGER, J. concur.